UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-21709-CIV-KING

ALEJANDRO BAEZ,
JEAN-MARC BIGLER,
GREGORY KHELLOUF,
MEGAN R. LIPSKY,
GLENN A. LOPEZ,
MARIA V. MARQUEZ,
MIGUEL RAMOS,
CESAR ROQUE,
MARCELO C. TALOTTI,
TINA THANAWASTIEN,
JODRICK I. UJAQUE,
YURI E. CARMONA,
EDUARDO RIOS,
VANESSA ABUCHAIBE, and
SUSANA PEREZ,

    Plaintiffs,

v.

OCEAN ONE RESTAURANT GROUP, LLC,
OCEAN THREE GROUP, LLC,
YOZO NATSUI,
JOSEPH C. FRECHETTE, JR.,
AKEMI YAMAMOTO,
YUYA TANAHASHI, and
ROBERT M. ASPINALL,

    Defendants.
_____/

## ORDER DROPPING MISJOINED PARTIES

THIS CAUSE comes before the Court *sua sponte* after a review of the First Amended Complaint (D.E. #37), filed December 5, 2008.

## I. FACTUAL BACKGROUND

On June 16, 2008, the Plaintiffs filed this action against the Defendants for alleged violations of the Fair Labor Standards Act ("FLSA"). *See* D.E. #1. On November 26, 2008, the undersigned granted, in part, the Defendants' Motions to Dismiss (D.E. #5, #12, & #25). *See* D.E. #36. In the Complaint (D.E. #1), the Plaintiffs had referenced paragraphs 1-9 in later paragraphs of the pleading, but the former paragraphs were not part of the pleading. Thus, the undersigned permitted the Plaintiffs to file an amended complaint that included paragraphs 1-9. *See* D.E. #36. On December 5, 2008, the Plaintiffs filed their First Amended Complaint with paragraphs 1-9, which outline matters concerning venue and jurisdiction. *See* D.E. #37, ¶¶ 1-9. Since that time, the Defendants Robert M. Aspinall, Akemi Yamamoto, and Joseph C. Frechette, Jr. have filed Motions to Dismiss (D.E. #38, #39, & #40) pursuant to Federal Rule of Civil Procedure 12(b)(6). These Motions remain pending.

In the First Amended Complaint, the Plaintiffs allege that, while they were employed by the Zabor Restaurant, they had different job titles: (1) Alejandro Baez as a "Line Cook," (2) Jean-Marc Bigler as a "Line Cook," (3) Michel Cervantes as a "Bar Manager," (4) Cesar Roque as a "Sushi Chef," (5) Gregory Kellouf as a "Head Chef," (6) Marcelo Talotti as a "Waiter," (7) Glenn A. Lopez as a "Sushi Chef," (8) Jodrick Ujaque as a "Sous Chef," (9) Maria V. Marquez as a "Bartender," (10) Yuri Carmona as a "Waiter," (11) Miguel Ramos as a "Line Cook," and (12) Eduardo Rios as a "Cook." D.E. #37, ¶ 13. Additionally, the Plaintiffs allege that they (1) worked disparate amounts

of hours per week (i.e., a range of 60 hours per week to 126 hours per week), (2) were paid at disparate rates (i.e., a range of $3.65 per hour to $26.44 per hour), and (3) had different starting dates of employment with Zabor Restaurant (i.e., a range of August 10, 2007, to November 2, 2007). *See id.* at ¶¶ 14-15. The only asserted commonalities between the Plaintiffs is that they (1) worked at the same location, *see id.* at ¶ 3; (2) "have never been compensated for overtime wages for the hours that she/he worked in excess of 40 hours per week," *id.* at ¶ 15; and (3) were subjected to the same unlawful payroll practices,[1] *see id.* at ¶ 16.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 21, a court may (either by motion or on its own) drop a misjoined party. *See* Fed. R. Civ. P. 21. However, "[m]isjoinder of parties is not a ground for dismissing an action." *Id.* Plaintiffs are misjoined when they fail to satisfy either of the preconditions that are both required for permissive joinder: (1) "any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1)(A)-(B).

## III. DISCUSSION

---

[1] The undersigned notes that the Plaintiffs merely state the bald assertion that they were "subject to the unlawful payroll practices and procedures of Defendant . . . ." D.E. #37, ¶ 16. There are no specific factual allegations of what these "unlawful payroll practices and procedures" might encompass.

The undersigned concludes that the Plaintiffs have been misjoined. Under FLSA, certification of a collective action is a two-step approach. During the first step, the court must determine whether conditional certification is appropriate. *See Anderson v. Cagle's, Inc.*, 488 F.3d 945, 952-54 (11th Cir. 2007). For conditional certification to occur, the Plaintiff must establish that there are other similarly-situated (with respect to job duties and pay provisions) employees who desire to opt in. *See Dybach v. State of Fla. Dept. of Corrs.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). Early certification benefits those who subsequently opt in because it stops "the statute of limitations from running as to their claims." *Kerce v. West Telemarketing Corp.*, 575 F. Supp. 2d 1354, 1358 (S.D. Ga. 2008). A fairly lenient standard is utilized for this first step. *See Anderson*, 488 F.3d at 953. During the second step, which occurs after discovery is complete and after a greater factual record has been developed, the court must re-evaluate the similarly-situated determination. *See Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001). A much more stringent standard is utilized during this latter step. *See Cohen v. Allied Steel Bldgs., Inc.*, 554 F. Supp. 2d 1331, 1334 (S.D. Fla. 2008). "If the claimants are not similarly situated, the district court decertifies the class, and the party plaintiffs are dismissed without prejudice." *Hipp*, 252 F.3d at 1217.

Here, the Plaintiffs have apparently attempted to bypass the conditional-certification step by all joining in as plaintiffs in the First Amended Complaint. By joining in as plaintiffs, the second requirement for conditional certification (i.e., there are other employees who desire to opt in) has obviously been satisfied. However, based upon

the allegations in the First Amended Complaint, the fifteen Plaintiffs do not constitute a class upon which the undersigned could certify this case as a collective action because there is not sufficient information that they are similarly situated. Rather, as previously discussed, the First Amended Complaint provides that the Plaintiffs had different job titles, worked different hours, were compensated at disparate wage rates, and started their respective employment with Zabor Restaurant on different dates. Moreover, the Plaintiffs have not alleged that they shared similar job duties.

For this case to proceed as a collective action through discovery,[2] the Plaintiffs must allege some commonality which establishes that they were similarly situated. The burden for conditional certification "is low, but 'it is not invisible.' " *Cohen*, 554 F. Supp. 2d at 1334. Case law from the Eleventh Circuit supports the conclusion that, based upon the face of the First Amended Complaint, the Plaintiffs could not meet the burden for conditional certification. *See id.* at 1334, 1335 (denying request for conditional certification; "[o]ther than the fact that they allege that others were not paid overtime wages, Plaintiffs fail to provide any factual allegations as to how they are similarly situated with other employees through a description of their respective job duties"); *Howard v. Orange Lake Country Club, Inc.*, 2008 WL 5263744, at *2 (M.D. Fla. 2008) (granting request for conditional certification; "[f]or purposes of conditional class

---

[2]The undersigned notes that the discovery deadline is February 26, 2009. *See* D.E. #17. However, the docket sheet provides no indication that the parties have been engaging in discovery. Rather, the docket sheet reveals that the parties have been engaging in activity (i.e., filing an amended complaint, filing motions to dismiss, etc.) that is consistent with the extremely early stages of litigation.

certification, all affiants appear to have performed the same job duties for Defendants in their OPC positions and were treated similarly by Defendant with regard to the flat rate pay provisions"); *Kerce*, 575 F. Supp. 2d at 1364 ("[T]he members of the proposed class have the same job title, and the same basic job duties, in that they all field calls from West's customers. . . . [W]hether log-in time and work material 'review time' are compensable appear to be common issues amenable to uniform determination based on similar evidence across the class. . . . In sum, [the plaintiff] has made an initial showing that she is similarly situated to the proposed class . . . ."); *Vondriska v. Premier Mortgage Funding, Inc.*, 564 F. Supp. 2d 1330, 1335 (M.D. Fla. 2007) ("Plaintiff has met the lenient notice stage standard that there are similarly situated employees who desire to opt in. The record evidence indicates that the employees' pay provisions are similar in that they are all compensated by commissions. Although there are variations in job titles and job duties, the record evidence shows that there is a uniform class of employees whose primary duty is selling loans.").

Here, the Plaintiffs do not appear to be similarly situated with respect to job duties, pay provisions, or in any other significant manner. Simply put, there is seemingly no "question of law or fact common to all plaintiffs [that] will arise in the action." Fed. R. Civ. P. 20(a)(2)(B). Thus, it is likely that an individualized analysis will have to occur with respect to the different Plaintiffs to resolve the disparate issues (e.g., availability of exemptions under FLSA, amount of damages, etc.) that may arise as to each one either during trial or leading up to trial. In sum, from the face of the First Amended Complaint,

the undersigned concludes that this case should not proceed as a collective action and a finding of misjoinder is proper. *See Ledbetter v. Pruitt Corp.*, 2007 WL 496451, at *5 (M.D. Ga. 2007) ("[T]his case is inappropriate for a collective action because each claim will need to be established with an individualized analysis of the specific minimum wage and overtime compensation violations that may have occurred against the individual employee. Such an individualized analysis runs directly counter to 'the economy of scale' envisioned by collective treatment of similarly situated employees under § 216(b) of the FLSA.").

## IV. CONCLUSION

Accordingly, it is ORDERED, ADJUDGED, and DECREED that the Plaintiffs Jean-Marc Bigler, Gregory Khellouf, Megan R. Lipsky, Glenn A. Lopez, Maria V. Marquez, Miguel Ramos, Cesar Roque, Marcelo C. Talotti, Tina Thanawastien, Jodrick I. Ujaque, Yuri E. Carmona, Eduardo Rios, Vanessa Abuchaibe, and Susana Perez be, and the same are hereby, **DROPPED as misjoined parties to this action pursuant to Federal Rule of Civil Procedure 21**. The Plaintiff Alejandro Baez[3] is the lone remaining Plaintiff in this cause of action. Defense counsel may seek to (1) add one of these misjoined parties (who have been dropped) as a plaintiff and drop Baez, (2) have this action conditionally certified as a collective action (by submitting the proper motion

---

[3]As previously stated, "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Thus, the instant action shall remain open with Alejandro Baez as the lone remaining plaintiff. The undersigned selected Baez to remain as the lone plaintiff because he is listed first on the First Amended Complaint.

and accompanying documentation[4]) for individuals who are similarly situated to the named plaintiff, and/or (3) file new and separate actions under separate case numbers for each of those misjoined parties who have been dropped. This Order is entered **WITHOUT PREJUDICE to defense counsel taking any one (or a combination of) these courses of action <u>within the next twenty (20) days</u>**.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 14th day of January, 2009.

JAMES LAWRENCE KING
U.S. DISTRICT COURT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   <u>**Counsel for Plaintiffs**</u>

**Zandro E. Palma**
Zandro E. Palma, P.A.
3100 South Dixie Highway
Suite 202
Miami , FL 33133

<u>**Counsel for Defendants**</u>

**Yozo Natsui**
7719 Great Glen Circle
Delray Beach, FL 33446
PRO SE

**Joseph R. Fazio , III**

---

[4]This accompanying documentation would need to contain additional information to that which is alleged in the First Amended Complaint. If this accompanying documentation merely recites the limited information provided in the First Amended Complaint, the undersigned will deny any motion for conditional certification for the same reasons previously discussed.

Fazio Dawson Disalvo Cannon Levine Abers & Podrecca
633 S Andrews Avenue
Suite 500 PO Box 14519
Fort Lauderdale , FL 33301

**Albert L. Frevola , Jr.**
Adorno & Yoss
350 East Las Olas Boulevard
Suite 1700
Fort Lauderdale , FL 33301