UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-21709-CIV-KING

ALEJANDRO BAEZ,

    Plaintiff,

v.

OCEAN ONE RESTAURANT GROUP, LLC,
OCEAN THREE GROUP, LLC,
YOZO NATSUI,
JOSEPH C. FRECHETTE, JR.,
AKEMI YAMAMOTO,
YUYA TANAHASHI, and
ROBERT M. ASPINALL,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION & INCORPORATED MEMORANDUM OF LAW FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION PURSUANT TO THE FAIR LABOR STANDARDS ACT

THIS CAUSE comes before the Court upon the Plaintiff's Motion & Incorporated Memorandum of Law for Conditional Certification of Collective Action Pursuant to the Fair Labor Standards Act (D.E. #57), filed March 16, 2009.

As background, the Court previously denied a similar Motion (D.E. #47) "for the failure to attach a proper notice form and WITHOUT PREJUDICE to refiling said Motion with the proper notice" by March 16, 2009. D.E. #54. In this previous Order, the undersigned also stated that the "Plaintiff has satisfied the two-prong test for conditional certification." *Id.* Finally, the undersigned stated the following:

> If the Plaintiff does re-file said Motion with the proper notice, the undersigned will promptly rule on it without awaiting a response from the Defendants. As stated above, the Defendants failed to file a response within the requisite time period for the Plaintiff's first filing of said Motion, and thus, there is not a proper

> basis upon which to await a response to a second filing of said Motion. Furthermore, the discovery deadline of April 20, 2009 is fast approaching so a prompt ruling on said Motion is necessary.

*Id.*

The undersigned concludes that the instant Plaintiff's Motion & Incorporated Memorandum of Law for Conditional Certification of Collective Action Pursuant to the Fair Labor Standards Act (D.E. #57) should be granted. The Plaintiff has now attached a proper notice form that contains information with regard to how potential plaintiffs are similarly situated (i.e., "engaged in preparing the food on the restaurant's menu that was ultimately served to the restaurant's patrons, to include cooks, sous chefs, and sushi chefs"). D.E. #57, Exhibit G. Furthermore, as stated in the previous Order, "the Plaintiff has satisfied the two-prong test for conditional certification." D.E. #54. In another Order for this case, the undersigned discussed the certification process:

> Under [the Fair Labor Standards Act], certification of a collective action is a two-step approach. During the first step, the court must determine whether conditional certification is appropriate. *See Anderson v. Cagle's, Inc.*, 488 F.3d 945, 952-54 (11th Cir. 2007). For conditional certification to occur, the Plaintiff must establish that there are other similarly-situated (with respect to job duties and pay provisions) employees who desire to opt in. *See Dybach v. State of Fla. Dept. of Corrs.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). Early certification benefits those who subsequently opt in because it stops "the statute of limitations from running as to their claims." *Kerce v. West Telemarketing Corp.*, 575 F. Supp. 2d 1354, 1358 (S.D. Ga. 2008). A fairly lenient standard is utilized for this first step. *See Anderson*, 488 F.3d at 953. During the second step, which occurs after discovery is complete and after a greater factual record has been developed, the court must re-evaluate the similarly-situated determination. *See Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001). A much more stringent standard is utilized during this latter step. *See Cohen v. Allied Steel Bldgs., Inc.*, 554 F. Supp. 2d 1331, 1334 (S.D. Fla. 2008). "If the claimants are not similarly situated, the district court decertifies the class, and the party plaintiffs are dismissed without prejudice." *Hipp*, 252 F.3d at 1217.

D.E. #45. Here, under the fairly lenient standard used for conditional certification, the Plaintiff has clearly established that there are other similarly-situated (with respect to pay provisions and

2

job duties) employees. The Plaintiff has attached six affidavits, in which six different employees all state that "[o]ther *cooks, sous chefs,* and *sushi chefs,* having worked for Defendants during or around the time that I worked for Defendants are similarly situated, since they all were engaged in preparing the food on the restaurant's menu and ultimately served to the restaurant's patrons, all were paid similar wages, and all regularly worked overtime hours without receiving adequate overtime compensation. D.E. #57, Exhibits A-F. Second, these same affidavits clearly establish that these similarly-situated employees desire to opt in. *See id.*

Accordingly, it is ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion & Incorporated Memorandum of Law for Conditional Certification of Collective Action Pursuant to the Fair Labor Standards Act (**D.E. #57**) be, and the same is hereby, **GRANTED**. The Notice of Collective Action Lawsuit, Opt-In Consent Form, and Notice of Consent—all of which are attached to said Motion as Exhibit G—are hereby **APPROVED for expedited mailing to potential members**.

DONE AND ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 17th day of March, 2009.

                                                                                  _____
                                                                                  JAMES LAWRENCE KING
                                                                                  UNITED STATES DISTRICT JUDGE
                                                                                  SOUTHERN DISTRICT OF FLORIDA

cc:     *Counsel for Plaintiff*

         **Zandro E. Palma**
         Zandro E. Palma, P.A.
         3100 South Dixie Highway
         Suite 202
         Miami, FL 33133

**<u>Counsel for Defendants</u>**

**Yozo Natsui**
7719 Great Glen Circle
Delray Beach, FL 33446
PRO SE


**Joseph R. Fazio , III**
Fazio Dawson Disalvo Cannon Levine Abers & Podrecca
633 S Andrews Avenue
Suite 500 PO Box 14519
Fort Lauderdale , FL 33301


**Albert L. Frevola , Jr.**
Adorno & Yoss
350 East Las Olas Boulevard
Suite 1700
Fort Lauderdale , FL 33301

**Ivan John Kopas**
Adorno & Yoss LLP
350 East Las Olas Boulevard
Suite 1700
Fort Lauderdale , FL 33301